# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

MICHAEL LAMONT JAMES, )
)
    Plaintiff, )
)
v. ) Case No. CV412-115
)
DETECTIVE NICHOLAS )
MELKE; INVESTIGATOR )
FRANK LATCHFORD, )
)
    Defendants. )

## REPORT AND RECOMMENDATION

Saddled with a substantial criminal history,[1] Michael Lamont James invokes 42 U.S.C. § 1983 in an attempt to jam-up a pending prosecution against him. In contrast to many similar cases, however, James -- currently detained in a local county jail -- is being prosecuted in *this* Court (something he does not bother to mention in his pleadings).[2]

---

[1] *See* the attached state court docket sheets ("Michael Lamont James" entries); *see also United States v. James*, CR408-038, doc. 11 (S.D. Ga. Oct. 19, 2009 (guilty-plea based conviction for trespass, theft of government property, and drug possession); *United States v. James*, CR400-219 (S.D. Ga. Apr. 20, 2006) guilty-plea based conviction for trespass and theft of public property).

[2] *See, e.g., Walker v. Officers*, CV411-303, doc. 13 (S.D. Ga. Feb. 15, 2012) (advising dismissal of a similar "jam-up" case); *Brown v. Eastern Judicial Circuit*, CV411-273,

*United States v. James*, CR412-108 (S.D. Ga. May 8, 2012) (information accusing him of criminal trespassing and theft of government property at the Hunter Army Airfield Military Reservation (*see supra* n. 1, reflecting his prior conviction in this Court on similar charges)). He raises various § 1983 claims against the police[3] who arrested him, CV412-115, doc. 1 at 1-12, then asks this Court to dismiss the "theft by shoplifting and theft by receiving charges" against him. *Id.* at 13. He also accuses the police of violating 42 U.S.C. §§ 1985 & 1986. He seeks no money damages but wants the Court to grant him "relief for mental anguish and violation of [his] rights as a U.S. citizen." *Id.*

Since he has completed his *in forma pauperis* paperwork, docs. 6 & 7, the Court will now screen his case under 28 U.S.C. § 1915(e)(2)(B)(ii), which allows *sua sponte* claim dismissals in IFP cases for failure to state

---

doc. 7 (S.D. Ga. Feb. 9, 2012) (same); *see also Kirkland v. St. Lawrence*, CV412-007, doc. 5 (S.D. Ga. Feb. 13, 2012) (advising dismissal of 28 U.S.C. § 2241 petition as premature and obviously aimed at jamming up an ongoing state prosecution); *Youmans v. St. Lawrence*, CV412-027, doc. 4 (S.D. Ga. Feb. 13, 2012) (same); *Broadus v. St. Lawrence*, CV412-035, doc. 5 (S.D. Ga. Feb. 13, 2012) (same); *Jenkins v. St. Lawrence*, CV412-031, doc. 6 (S.D. Ga. Feb. 13, 2012) (same); *Walker v. St. Lawrence*, doc. 5 CV412-023 (S.D. Ga. Feb. 13, 2012) (same).

[3] Investigator Latchford appears to be a federal employee, thus triggering the issue whether this action should at least in part be recast as a *"Bivens"* action. *See Preciado v. Mueller*, 2007 WL 2300712 at * 1 (E.D. Mich. Aug. 8, 2007). Given the disposition of this case, it is not necessary to resolve this issue.

a claim for relief. *See also* 28 U.S.C. § 1915A (courts must identify "cognizable claims" filed by prisoners or other detainees and dismiss claims which are frivolous, malicious, fail to state a claim for relief, or seek monetary relief from a defendant immune from such relief, and 42 U.S.C. § 1997e(c)(2) (allowing dismissal on the same four standards provided by § 1915A as to any prisoner suit brought "with respect to prison conditions").[4]

James alleges that his home was illegally searched, doc 1 at 3-4, the prosecution against him is malicious, *id.* at 5-6, he has been falsely imprisoned, *id.* at 7-8, and defendants conspired to put him into indefinite detention. *Id.* at 9-12. He also accuses the police of making misleading statements about whether he was advised of his rights under *Miranda v. Arizona*, 384 U.S. 436 (1966).

---

[4] The Court applies the Fed. R. Civ. P. 12(b)(6) standards here. *Leal v. Ga. Dep't of Corrs.*, 254 F.3d 1276, 1278–79 (11th Cir. 2001). Allegations in the complaint are thus viewed as true and construed in the light most favorable to the plaintiff. *Bumpus v. Watts*, 448 F. App'x 3, 4 n. 1 (11th Cir. 2011). But conclusory allegations fail. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009) (discussing a 12(b)(6) dismissal). "[T]he pleading standard [Fed. R. Civ. P.] 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* at 678 (citations omitted); *see also Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (pro se pleadings are still construed liberally after *Iqbal*).

3

James bases his claims on his commentary on police testimony before a state court proceeding, doc. 1-1, in a case evidently handed off to the U.S. Attorney for federal prosecution. Doc. 1. Were he already convicted of the offenses alleged in his underlying criminal case, the Court would examine whether his claims are barred because they imply the invalidity of a conviction. *See, e.g., Flood v. Schaefer*, 367 F. App'x. 315, 317 (3rd Cir. 2010) (judgment in favor of prison inmate on § 1983 claims would necessarily imply invalidity of his federal conviction on narcotics and firearm charges, and *Heck* rule thus barred claims alleging that state police officers tampered with audio tapes presented during federal prosecution); *Martin v. Sias*, 88 F.3d 774, 775 (9th Cir. 1996) ("*Heck* applies to *Bivens* actions.").[5]

But unlike the *post*-conviction § 1983 claims in *Flood* and *Martin*, James has not been convicted and sentenced here. And false arrest and

---

[5] *Heck v. Humphrey*, 512 U.S. 477 (1994), held that in order to recover damages for allegedly unconstitutional conviction or imprisonment, *or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid*, a § 1983 plaintiff must prove that the conviction or sentence has been [overturned]." *Edwards v. Balisok*, 520 U.S. 641, 646 (1997) (quoting *Heck*; emphasis in original). *Heck* dealt with a state prisoner's § 1983 complaint, but it also applies when the complaint arises from actions leading to the initiation of a federal prosecution. *Shamaeizadeh v. Cunigan*, 182 F.3d 391, 397 n. 4 (6th Cir. 1999), *abrogated on other grounds by Wallace v. Kato*, 549 U.S. 384 (2007).

imprisonment claims can be litigated without implying the invalidity of a conviction, *Wallace*, 549 U.S. at 393-94, though a court must manage them and their respective limitations periods[6] in light of parallel criminal proceedings. Hence, where "a plaintiff files a false arrest claim before he has been convicted (or files any other claim related to rulings that will likely be made in a pending or anticipated criminal trial), it is within the power [that is, the discretion] of the district court, and in accord with common practice, to stay the civil action until the criminal case or the likelihood of a criminal case is ended." *Id.*; *LeBlanc v. Steadman*, 2011 WL 2983080 at * 3 (E.D. Pa. July 21, 2011).

James alleges a false imprisonment claim because he was detained on base for questioning about alleged trespass and shoplifting. He says the military police detained him there for hours while they checked local

---

[6] "False arrest and false imprisonment overlap; the former is a species of the latter." *Wallace*, 549 U.S. at 388. An arrest lacking probable cause provides a plaintiff a claim under § 1983 for false imprisonment "based on a detention pursuant to that arrest." "'[L]imitations begin to run against an action for false imprisonment when the alleged false imprisonment ends.'" *Id.* (citation omitted). Because "[t]he sort of unlawful detention remediable by the tort of false imprisonment is detention without legal process . . . a false imprisonment ends once the victim becomes held pursuant to such process -- when, for example, he is bound over by a magistrate or arraigned on charges." *Id.* at 389; *see also Hunt v. City of Scranton*, 236 Fed. App'x 740, 743 (3d Cir.2007). Thus, the statute of limitations upon claims for false arrest and false imprisonment, where the arrest is followed by criminal proceedings, begins when the claimant is detained pursuant to legal process. *Wallace*, 549 U.S. at 397.

pawnshops. Doc. 1 at 8-9; *see also* doc. 1-1 at 3 (they arrested him on base for shoplifting and then pursued search warrants to search his residence for stolen property). He does not say whether he has ever been detained since his arrest, though he has had a state court preliminary hearing (doc. 1-1), so at most he is now "detained" pursuant to legal process.

The pending prosecution beckons *Wallace* stay considerations. But there must be claims worth staying. To that end, courts reach the merits despite *Wallace* and *Heck* where claims are otherwise demonstrably baseless. *See, e.g., Polzin v. Gage*, 636 F.3d 834, 837-38 (7th Cir. 2011) ("District courts may bypass the impediment of the *Heck* doctrine and address the merits of the case.").

Turning to plaintiff's claims, the Court pauses to note that, since he made the preliminary hearing transcript central to his complaint, its contents are properly considered here. *See, e.g., Sampson v. Washington Mut. Bank*, 453 F. App'x 863, 866 (11th Cir. 2011). The two filings together show that his claims are baseless. First, he does not deny that he was properly arrested for shoplifting -- he was captured doing it on videotape -- and the police were able to identify what he stole by checking

6

local pawn shops that he visited. Doc. 1-1 at 5, 7. Once *Mirandized*, James admitted to the shoplifting. *Id.* at 7, 10, 11. He pleads nothing to dispute what the transcript on which he relies otherwise shows -- that the police did have reasonable grounds to detain him for on-base questioning.

Plaintiff also complains (for his false imprisonment claim) that he was held by military authorities for "many hours" when, in *his* opinion, he should have been questioned and detained by "civilian" authorities. *Id.* at 8. Yet, he supplies no supporting facts or legal basis to support a constitutional violation by military police questioning those reasonably suspected of breaking the law on a military installation.

James next insists the defendants warrantlessly and without legal cause searched his home upon a third-party's (his sister's girlfriend's) consent. Doc. 1 at 3. Yet, the transcript shows that the home searched was that of his sister, and he alleges no ownership or possessory interest to support standing for this claim. Doc. 1-1 at 4; *Minnesota v. Olson*, 495 U.S. 91, 96-97 (1990) (an overnight guest in a home can have a legitimate expectation of privacy in that home); *Hill v. Sec'y, Dept. of Corr.*, 2012 WL 503903 at * 4 (M.D. Fla. Feb. 15, 2012) (no standing to contest a

7

warrantless search of a house in which petitioner had no possessory interest); *United States v. Neal*, 2012 WL 1357782 at * 4 (E.D. Tenn. Apr. 13, 2012).

James also alleges that the defendants improperly stacked discrete, misdemeanor shoplifting offenses in order to charge him with a felony. *Id.* at 6. At most that may constitute a defense in James's criminal proceedings (i.e., raising accusation or indictment defects), but it is not a recognized basis for a civil claim and James cites nothing in support.

Next, any failure by police to provide an arrestee with *Miranda* warnings violates no constitutional right and thus supports no § 1983 claim; *Miranda* is a prophylactic rule, not a source of rights. *Chavez v. Martinez*, 538 U.S. 760, 772 (2003). A § 1983 claim based on an alleged *Miranda* warning violation thus fails. *Turner v. Nirenberg*, 2010 WL 1752512 at * 5 (D.N.J. Apr. 30, 2010). Likewise, a claim based on the police allegedly lying about whether they gave someone *Miranda* warnings likewise fails. And plaintiff's §§ 1985 & 1986 claims are conclusory. He cites no supporting facts for them, so they also fail.

There are thus no grounds for considering a *Wallace* stay here, where the pleadings and supporting documents show that at most he

raises technical defenses that can be litigated in his criminal case, but otherwise support no civil claim.

Accordingly, plaintiff's complaint should be **DISMISSED**, as it bears not even the slightest hint that it can be cured with a "second-chance" amendment. *Cf. Langlois v. Traveler's Ins. Co.*, 401 F. App'x 425, 426-27 (11th Cir. 2010) (pro se IFP litigant should have been afforded an opportunity to amend deficiencies prior to dismissal where fewer than 21 days had passed since she had filed her complaint, defendants had not yet been served, no responsive pleadings had been filed, there was no risk of undue prejudice, there was no evidence of plaintiff's undue delay, bad faith, or dilatory motive, and amendment may not have been futile given additional documentary evidence attached to her appellate brief).

Meanwhile, James must pay for filing this lawsuit. Based upon his furnished information, he owes an initial partial filing fee of $21.67. *See* 28 U.S.C. § 1915(b)(1) (requiring an initial fee assessment "when funds exist," under a specific 20 percent formula) (emphasis added). Plaintiff's custodian shall deduct $21.67 from his account and remit it to the Clerk of Court.

The custodian also shall set aside 20 percent of all future deposits to the account, then forward those funds to the Clerk each time the set aside amount reaches $10, until the balance of the Court's $200 filing fee has been paid in full (the fee is $350 but James has already paid $150, *see* May 15, 2012 entry). In the event James is transferred to another institution, his present custodian shall forward a copy of this Order and all financial information concerning payment of the filing fee and costs in this case to plaintiff's new custodian. The balance due from the plaintiff shall be collected by the custodian at his next institution in accordance with the terms of this Order.

A copy of this Order and a copy of the Consent to Collection of Fees from Trust Account shall be served upon plaintiff and his current custodian. The payment portion of this Order is to be implemented immediately, as it is not subject to the adoption provision of Fed. R. Civ. P. 72(b).

**SO REPORTED AND RECOMMENDED** this 13TH day of June, 2012.

UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA



### CHATHAM COUNTY, GA
### Eastern Judicial Circuit of Georgia

Home    Magistrate Court    Probate Court    State Court    Superior Court    Juvenile Court    Court Forms    Court Fees

May 18, 2012     Location: Name Search     *Input your search...*



- CASE LOOKUP
- COURT FORMS
- COURT FEES
- MAP & DIRECTIONS
- JURY SERVICES
- SITE SEARCH

## Name Search

**Search Results For:**

| First Name: michael | Last Name: James | Person: Defendant | Case: Criminal |

| Court ▲ | Name | Case | Filed On | Judge | Disp. On | Disp. |
|---|---|---|---|---|---|---|
| Magistrate | JAMES,MICHAEL LEE | N94B100 | 2/7/1994 | JUDGE ROBERT BARKER | 2/6/1995 | |
| Magistrate | JAMES,MICHAEL LEE | N01B242 | 4/16/2001 | JUDGE JOHN ANDRE | 7/9/2001 | |
| State | JAMES,MICHAEL LAMONT | R04K076 | 11/1/2004 | HONORABLE RONALD E. GINSBERG | 10/6/2005 | |
| State | JAMES,MICHAEL LEE | R92D107 | 4/16/1992 | | 6/25/1992 | |
| State | JAMES,MICHAEL LAMONT | R03E138 | 5/7/2003 | HONORABLE RONALD E. GINSBERG | 2/12/2004 | |
| State | JAMES,MICHAEL LEE | R96H150 | 8/16/1996 | HONORABLE H. GREGORY FOWLER | 3/15/2000 | |
| State | JAMES,MICHAEL LEE | R95B150 | 2/7/1995 | | 8/20/1996 | |
| State | JAMES,MICHAEL LEE | R96L158 | 12/30/1996 | | 3/15/2000 | |
| State | JAMES,MICHAEL LEE | R97J176 | 10/28/1997 | HONORABLE RONALD E. GINSBERG | 11/29/1999 | |
| State | JAMES,MICHAEL LEE | R93H200 | 8/11/1993 | | 9/10/1993 | |
| State | JAMES,MICHAEL LEE | R01D224 | 4/19/2001 | HONORABLE RONALD E. GINSBERG | 5/29/2001 | |
| State | JAMES,MICHAEL CHRISTOPHER | R04J234 | 10/19/2004 | HONORABLE JUDGE HERMANN W. COOLIDGE | 8/20/2008 | |
| State | JAMES,MICHAEL LAMONT | R99E280 | 5/27/1999 | HONORABLE RONALD E. GINSBERG | 7/13/1999 | |
| State | JAMES,MICHAEL LAMONT | R07080052 | 8/6/2007 | HONORABLE RONALD E. GINSBERG | 9/18/2008 | |
| State | JAMES,MICHAEL KEITH | R07110360 | 11/29/2007 | HONORABLE RONALD E. GINSBERG | 11/7/2008 | |
| State | JAMES,MICHAEL LEE | R08010216 | 1/18/2008 | HONORABLE JUDGE HERMANN W. COOLIDGE | 7/17/2009 | |
| Superior | JAMES,MICHAEL LEE | CR941225 | 7/6/1994 | PERRY BRANNEN, JR. | 11/4/1994 | |
| Superior | JAMES,MICHAEL ANTONIO | CR060264 | 2/1/2006 | HONORABLE MICHAEL KARPF | 5/11/2006 | |
| Superior | JAMES,MICHAEL WILLARD | CR001355 | 7/12/2000 | HONORABLE MICHAEL KARPF | 7/14/2000 | |
| Superior | JAMES,MICHAEL LAMONT | CR012418 | 11/14/2001 | HONORABLE JAMES BASS | 2/4/2002 | |
| Superior | JAMES,MICHAEL LEE | CR941471 | 8/11/1994 | PERRY BRANNEN, JR. | 11/9/1994 | |
| Superior | JAMES,MICHAEL WILLARD | CR010495 | 2/21/2001 | HONORABLE MICHAEL KARPF | 7/9/2001 | |
| Superior | JAMES,MICHAEL WILLARD | CR010496 | 2/21/2001 | HONORABLE MICHAEL KARPF | 7/9/2001 | |
| Superior | JAMES,MICHAEL | CR922845 | 12/3/1992 | HONORABLE EUGENE GADSDEN | 12/4/1992 | |
| Superior | JAMES,MICHAEL LAMONT | CR072870 | 11/20/2007 | HONORABLE LOUISA ABBOT | 4/10/2008 | |

|<   <   1   2   >   >|    Page size: 25      29 items in 2 pages

Home | Magistrate Court | Probate Court | State Court | Superior Court | Juvenile Court | Court Forms | Court Fees

© Copyright 2012 - Chatham County Courts


### CHATHAM COUNTY, GA
### Eastern Judicial Circuit of Georgia

Home    Magistrate Court    Probate Court    State Court    Superior Court    Juvenile Court    Court Forms    Court Fees

May 18, 2012                Location: Name Search                                                                Input your search...

**CASE LOOKUP**

**COURT FORMS**

**COURT FEES**

**MAP & DIRECTIONS**

**JURY SERVICES**

**SITE SEARCH**

## Name Search

**Search Results For:**

| First Name: michael | | Last Name: James | | Person: Defendant | | Case: Criminal |

| Court ▲ | Name | Case | Filed On | Judge | Disp. On | Disp. |
|---|---|---|---|---|---|---|
| Superior | JAMES,MICHAEL LAMONT | CR080348 | 2/13/2008 | HONORABLE LOUISA ABBOT | 4/10/2008 | |
| Superior | JAMES,MICHAEL WILLARD | CR081224 | 5/21/2008 | HONORABLE MICHAEL KARPF | 1/26/2011 | |
| Superior | JAMES,MICHAEL WILLARD | CR090835 | 4/15/2009 | HONORABLE MICHAEL KARPF | 1/12/2011 | |
| Superior | JAMES,MICHAEL WILLARD | CR110983 | 4/28/2011 | HONORABLE MICHAEL KARPF | 5/20/2011 | |

|◄  ◄  1  2  ►  ►|    Page size: 25                                    29 items in 2 pages

© Copyright 2012 - Chatham County Courts




**CHATHAM COUNTY, GA**
**Eastern Judicial Circuit of Georgia**



Home   Magistrate Court   Probate Court   State Court   Superior Court   Juvenile Court   Court Forms   Court Fees

May 18, 2012        Location: Name Search                                               Input your search...



# Name Search

**Search Results For:**

| First Name: michael | Last Name: James | Person: | Case: Recorders |
|---|---|---|---|

| Court ▲ | Name | Case | Filed On | Judge | Disp. On | Disp. |
|---|---|---|---|---|---|---|
| REC | JAMES, MICHAEL, T | 621123-01 | 12/14/2001 | | 1/17/2002 | |
| REC | JAMES, MICHAEL, T | 621124-01 | 12/14/2001 | | 1/17/2002 | |
| REC | JAMES, MICHAEL, L | 659518-01 | 8/1/2002 | | 8/14/2002 | |
| REC | JAMES, MICHAEL | 659830-01 | 10/22/2002 | | 10/28/2002 | |
| REC | JAMES, MICHAEL, T | 665338-01 | 8/23/2002 | | 8/18/2003 | |
| REC | JAMES, MICHAEL, T | 666020-01 | 8/23/2002 | | 8/18/2003 | |
| REC | JAMES, MICHAEL, T | 666021-01 | 8/23/2002 | | 10/16/2002 | |
| REC | JAMES, MICHAEL, L | 705465-01 | 3/15/2003 | | 4/22/2003 | |
| REC | JAMES, MICHAEL | 705468-01 | 3/15/2003 | | 4/1/2003 | |
| REC | JAMES, MICHAEL, D | 740402-01 | 9/9/2003 | | 3/29/2004 | |
| REC | JAMES , MICHAEL , LAMONT | 1000314-01 | 8/8/2007 6:13:00 AM | | | |
| REC | JAMES , MICHAEL , K | 5040786-01 | 8/9/2007 3:31:00 PM | | | |
| REC | JAMES , MICHAEL , K | 5040788-01 | 8/9/2007 3:33:00 PM | | | |
| REC | JAMES , MICHAEL , T | 5042352-01 | 8/25/2007 12:55:00 PM | | | |
| REC | JAMES, MICHAEL | 834173-01 | 6/10/1998 | | 12/18/1998 | |
| REC | JAMES , MICHAEL , LEE | 5051168-01 | 11/6/2007 8:13:00 AM | | | |
| REC | JAMES , MICHAEL , LAMONT | 5051377-01 | 11/7/2007 6:26:00 AM | | | |
| REC | JAMES , MICHAEL , WILLARD | 5069993-01 | 4/13/2008 3:57:00 PM | | | |
| REC | JAMES , MICHAEL , T | 5130264-01 | 9/9/2009 12:56:00 PM | | | |
| REC | JAMES , MICHAEL | 5132439-01 | 9/24/2009 5:45:00 PM | | | |
| REC | JAMES , MICHAEL | 2011-06-2033-01 | 6/30/2011 6:08:00 AM | | | |
| REC | JAMES, MICHAEL, T | 97379-01 | 11/18/2006 | | 12/6/2006 | |
| REC | JAMES, MICHAEL, A | 131438-01 | 5/18/2005 | | 2/12/2010 | |

|◄  ◄  1  2  ▸  ►|   Page size: 25                                           48 items in 2 pages

Home | Magistrate Court | Probate Court | State Court | Superior Court | Juvenile Court | Court Forms | Court Fees

© Copyright 2012 - Chatham County Courts